UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY ANN FINNECY,

    Plaintiff,

v.                                  Case No.:   2:23-cv-1067-SPC-KCD

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 8).  For the following reasons, the Court grants the motion and remands this action.

A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendant removed this insurance action and invoked diversity jurisdiction.  Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C.

§ 1332(a). The parties here are diverse. And because Plaintiff's complaint seeks only "damages in excess of $50,001.00," Defendant relies on Plaintiff's Notice of Intent to Initiate Litigation and Civil Remedy Notice (Docs. 1-5, 1-6) to argue the amount in controversy exceeds $75,000. In those documents, Plaintiff demands only $66,490 in damages. But she also states that she has incurred $25,000 in attorney's fees. So this Court's jurisdiction turns on whether the claim for attorney's fees boosts the amount in controversy over the $75,000 threshold. It does not.

The parties argue whether Plaintiff seeks prospective attorney's fees or fees incurred before removal. But the Court need not get that far. At bottom, Defendant fails to provide the Court with sufficient evidence of *any* attorney's fees. Defendant relies only on Plaintiff's conclusory statements in her pre-suit notices. She did not attach any records corroborating her attorney's fees. And Defendant does not provide the Court with any such evidence now. These conclusory statements, without supporting documentation, do not prove the amount in controversy. *See Collins v. GEICO Gen. Ins. Co.*, No. 8:16-CV-280-T-24-MAP, 2016 WL 890089, at *2 (M.D. Fla. Mar. 9, 2016) (collecting cases that hold a demand in a Civil Remedy Notice, without specific information supporting that demand, does not establish the amount in controversy). This is especially true here, where Plaintiff claims she has spent $25,000 in attorney's fees before Defendant even answered her $66,490 claim.

Despite this skepticism, the Court finds unpersuasive Defendant's assertion that Plaintiff "had the opportunity to file a Declaration admitting that her [Civil Remedy Notice] misrepresented the fees incurred but refused to do so[.]" (Doc. 11 at 3). The removing Defendant—not Plaintiff—must prove the amount in controversy by a preponderance of the evidence. *Leonard*, 279 F.3d at 972. Defendant has not satisfied this burden and cannot shift it to Plaintiff. So the Court must remand.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Collier County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 21, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3